JUDGE HERB ROSS (Recalled)

UNITED STATES BANKRUPTCY COURT FOR THE DISTRICT OF ALASKA

605 West 4th Avenue, Room 138, Anchorage, AK 99501-2253 —   (Website: www.akb.uscourts.gov)
Clerk's Office:  907-271-2655 (1-800-859-8059 In-State) — Judge's Fax:  907-271-2692

| Case No. F12-00501-HAR | In Chapter 7 |
|---|---|
| In re MARGARET A. BERTRAN, Debtor(s) | |
| MARGARET A. BERTRAN, Plaintiff(s) v. BARBARA WACKER, individually and as general partner of Boot Print Ranch, LP; WILLIAM WACKER, individually and as general partner of Boot Print Ranch, LP; BOOT PRINT RANCH, a Montana Limited Partnership; LARRY D. COMPTON, Trustee, individually, jointly and severally, Defendant(s) | Adv Proc No F14-90019-HAR<br><br>MEMORANDUM GRANTING COURT'S *SUA SPONTE* MOTION TO DISMISS [ECF No. 6] |

Contents     Page

1. SUMMARY OF RULING . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

2. ANALYSIS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    2.1. Claims Against the Wackers and Boot Print Ranch . . . . . . . . . . . . . . . . . . . . . . . 2
        2.1.1. Claims Preclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
        2.1.2. The Complaint Cannot Serve As a Claims Objection . . . . . . . . . . . . . . . . . 6
        2.1.3. No Subject Matter Jurisdiction Regarding the Semi-Trailer . . . . . . . . . . . . 6
    2.2. Claim Against Larry D. Compton, Trustee . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

3. CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

4. APPENDIX [Excerpt from the OSC] . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

1. **SUMMARY OF RULING**- The complaint seeks to avoid a Montana state court judgment against plaintiff debtor in favor of the Wackers and Boot Print Ranch (BPR): (a) for $137,551. 47; (b) quieting title in a semi-trailer in the name of these parties; and, (c) names trustee Larry Compton, but requests no relief against him. She alleges that the Montana judgment was improperly entered because she did not receive notice of the prove-up hearing after she was defaulted. The court filed a *sua sponte* order to show cause why the complaint should not be dismissed.

The suit against the Wackers and BPR will be dismissed on claims preclusion grounds (both state and federal) and because it is not subject to collateral attack. Additionally, to the extent the complaint asks for relief from the money judgment against her (as opposed to relief from the judgment against the bankruptcy estate), the monetary claim against her has already been discharged so the court can grant no effective relief and she needs none. If the complaint is really intended to be a claims objection against the Wackers' proof of claim, the court has previously denied debtor's objection to their claim.

To the extent the complaint challenges the quieting of title to the semi-trailer, the court does not have subject matter jurisdiction. That vehicle was not property of the estate and the dispute is between third parties (a partnership, and the Wackers and BPR).

Finally, the suit against trustee Larry Compton will be dismissed because the complaint asks no relief against him, and the plaintiff has not contested the OSC regarding Compton.

2. **ANALYSIS**-

2.1. **Claims Against the Wackers and Boot Print Ranch**- The order to show cause (the OSC) with respect to the Wackers and BPR required plaintiff to show cause why:

    (b)- summary judgment should not be granted pursuant to Fed. R. Bankr. P. 7056 dismissing the claims against the Wackers and Boot Print Ranch on claims preclusion grounds.

The court may appropriately propose entry of summary judgment itself provided that it gives due process to the respondent.[1]

**2.1.1. Claims Preclusion**- The analysis in the OSC supporting both state and federal claims preclusion is incorporated by reference from the OSC, without restating it here.[2]  A copy of this portion of the OSC is attached as an Appendix in Section 4 of this memorandum.

In her response to the OSC relating to the Wackers and BPR, she says:

- (a) there were improprieties in the notice of the default prove-up hearing, raising due process issues;
- (b) Exhibits A-C to the response are "newly discovered" (a copy of the order setting the prove-up hearing for the Montana case; a docket sheet for the Montana case; and, Court Minutes of the May 9, 2011 prove-up hearing);
- (c) Judge Spraker's previous holding that the Montana judgment could not be avoided as a judgment lien because it was entitled to full faith and credit should not be entitled to claims preclusion because he ruled "without actually looking at the issues of fraud or lack of due process," and in any event that was not necessary to his ruling.[3]

Plaintiff does not dispute that the Montana court had *in personam* jurisdiction of her.  Her argument that the bankruptcy court can disregard the judgment is based on the plaintiff's allegation that it was wrong on the merits, the judge was biased, and she did not get proper notice of the prove-up hearing.

---

[1] *Norse v. City of Santa* Cruz, 629 F.3d 966, 971 (9th Cir. 2010).

[2] *Order to Show Cause Why Complaint Should Not Be Dismissed; Memorandum* under the subtitle: *Claims Against the Wackers and Boot Print Ranch*.  ECF No. 6, page 2-6.

[3] *Response to Order to Show Cause*.  ECF No 9.

Even if all these things were true, the plaintiff cites no authority to refute the cases cited by the court in its OSC explaining why both state and federal claims preclusion bar the relief she seeks, except to cite a 1970 Second Circuit case[4] for a proposition which the case does not support.

Plaintiff cited the case to support the proposition that Judge Spraker's ruling[5] is not entitled to *issue* preclusion, but the actual holding is that summary judgment can't be based on a prior ruling where the earlier ruling was on two or more independent grounds; it wasn't conclusive which issues were necessarily found.  But, the judgment Judge Spraker was alluding to was a fraudulent transfer judgment by the Montana court for conveyances made *prior* to the $137,000 judgment at issue, so I agree with plaintiff that it is not dispositive in this adversary proceeding.

But the plaintiff fails to address the court's (Judge Ross's) ruling that denying the debtor's objection to the Wackers' proof of claim on the basis the Wackers' judgment lien was based on an invalid judgment (the same judgment that is at issue in this adversary).  This court overruled the exact same arguments that plaintiff makes in this adversary when it ruled on her claims objection.[6]

Also, any irregularity in the noticing of the prove-up hearing, if there is one, is not something that this bankruptcy court can correct by denying full faith and credit to the Montana judgment.  That is something that must be addressed by the Montana court.  As long as that court had *in personam* jurisdiction of the debtor, the judgment is valid for full faith and credit purposes.

---

[4] *Halpern v. Schwartz*, 426 F.2d 102 (2nd Cir. 1970).

[5] *Memorandum on Motion to Avoid Lien*.  Main Case ECF No. 39.

[6] The objection to Proof of Claim No. 2 by the Wackers is at Main Case ECF No. 56.  The Wacker's response is at Main Case ECF No. 57.  Debtor's reply is at Main Case ECF No. 59.  The court's ruling is at Main Case No. 61.

MEMORANDUM GRANTING COURT'S *SUA SPONTE* MOTION TO DISMISS [ECF No. 6]                                                              Page 4 of 12

And, the plaintiff debtor cannot collaterally attack the Montana judgment under the *Rooker-Feldman* doctrine.[7] Under that doctrine, this bankruptcy court lacks jurisdiction to modify the Montana judgment.[8] The doctrine is explained in the following quotation:

> The *Rooker–Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005). "The purpose of the doctrine is to protect state judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence being called upon to review the state court decision.' " *Doe & Assocs. Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir.2001) (quoting Feldman, 460 U.S. at 482 n. 16, 103 S.Ct. 1303). The doctrine applies "not only to claims that were actually raised before the state court, but also to claims that are inextricably intertwined with state court determinations." *Kelley v. Med–1 Solutions, LLC*, 548 F.3d 600, 603 (7th Cir.2008). Claims are "inextricably intertwined" with a state court decision if "the adjudication of the federal claims would undercut the state ruling or require the district court to interpret the application of state laws or procedural rules...." *Reusser v. Wachovia Bank, N.A.*, 525 F.3d 855, 859 (9th Cir.2008). See also *Napolitano*, 252 F.3d at 1030 ("Where the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented to both courts are inextricably intertwined.").[9]

"[T]he *Rooker–Feldman* doctrine prevents litigants from collaterally attacking a state court judgment 'no matter how erroneous or unconstitutional the state court judgment may be.' "[10]

Plaintiff also makes the following argument:

> For these reasons stated above, the Debtor is requesting a complete review of the judgment obtained without due process and without merit in a court where the judge should have recused himself due to bias and inability to remain impartial. Rule 60 b of FRCP permit a court to set aside a judgment based on mistake, newly discovered evidence, a void judgment, fraud or any other reason justifying relief.

---

[7] *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Dist. of Columbia Ct. of App. v. Feldman,* 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)).

[8] *Grant v. Unifund CCR Partners*, 843 F.Supp.2d 1234, 1238 (C.D. Cal. 2012).

[9] *Id.* at 1238.

[10] *Id.* at 1238, citation omitted.

MEMORANDUM GRANTING COURT'S *SUA SPONTE* MOTION TO DISMISS [ECF No. 6]    Page 5 of 12

Document Page 6 of 12

> Here is the debtor has presented several theories wherein relief can and should be granted to her.[11]

This argument seems to be a suggestion that the court use FRCP 60(b) to reopen the issues addressed in the Montana judgment. It is misplaced. First of all, it is a Montana judgment that debtor says that needs to be corrected, not a federal judgment, and the Montana version of Rule 60 is the one that should be used to address the issue. Secondly, it is the Montana courts, not the bankruptcy court, that has to correct its own errors. That judgment cannot be collaterally attacked in bankruptcy court on the fact of this case. And, even if I had jurisdiction to "fix" the problem under FRCP 60(b)(2)[12] based on "newly discovered evidence," the documents that ae claimed to be "newly discovered" were from the Montana state court's docket in 2011 and hardly qualify as newly discovered.[13]

Finally, if the complaint is to avoid the $137,000 money judgment against the debtor *in personam*, it is unnecessary. Plaintiff already has a discharge from the judgment.[14]

**2.1.2. <u>The Complaint Cannot Serve As a Claims Objection</u>**- If the complaint is really meant to serve as a claims objection to the Wackers' Proof of Claim No. 2, that objection has already been made by the debtor and overruled.[15]

**2.1.3. <u>No Subject Matter Jurisdiction Regarding the Semi-Trailer</u>**- In a related adversary proceeding, Adv. No. F14-90016-HAR, <u>Donald Tangwall, individually; Donald Tangwall, General Partner of Trickle Down Trucking, a Nebraska Limited Partnership v. Barbara Wacker; William</u>

---

[11] Plaintiff's *Response*. ECF No. 9, page 3.

[12] Incorporated by FRBP 9024.

[13] *Flores v. Emerich & Fike*, 385 Fed. Appx. 728, 731 (9th Cir. 2010).

[14] Main Case ECF No. 53, entered January 18, 2013.

[15] Main Case ECF No. 61, entered on September 16, 2013.

Wacker; Boot Print Ranch, a Montana Limited Partnership; Larry D. Compton, in Donald Tangwall's chapter 7 case, Bankruptcy Case No. F11-00939-HAR, Mr. Tangwall raised essentially the same challenge to the Montana judgment's quieting title in the semi-trailer. He did it as a partner of Trickle Down Trucking, a Nebraska Limited Partnership. The present adversary does not name the partnership as a party, but plaintiff attempts to attack the same quiet title provision in the Montana judgment.[16]

In the Tangwall adversary, I dismissed such a claim because the court lacked subject matter jurisdiction to grant relief:[17]

> The bankruptcy court is one of limited jurisdiction. Its jurisdiction is defined by statute.[18] To have jurisdiction the cause of action generally must have some effect on the bankruptcy estate.[19]
>
> The claim of Trickle Down Trucking against the debtor has no effect on the estate or the debtor (except as an alleged partner).[20]

**2.2. Claim Against Larry D. Compton, Trustee**- The OSC with respect to the trustee Larry Compton required plaintiff to show cause why:

(a)- the complaint should not be dismissed, with leave to amend, pursuant to Fed. R. Civ. P. 12(b)(6)[21] with respect to

---

[16] *Complaint*. ECF No. 1, ¶¶ 9 and 17.

[17] Adv. No. F14-90016-HAR, *Tangwall et al v. Wacker et al. Memorandum Granting the Wackers' and Boot Print Ranch's Motion to Dismiss the Claims Against Them [ECF No. 7]*, ECF No. 15, page 6.

[18] *In re Ray*, 624 F.3d 1124, 1130 (9th Cir. 2010).

[19] *In re Fietz*, 853 F.2d 455, 487 (9th Cir. 1985).

[20] Main Case ECF No. 61, entered on September 16, 2013.

[21] Fed. R. Civ. Proc. 12(b)(6) is incorporated by Fed. R. Bankr. P. 7012(b).

>    defendant, Larry D. Compton, for failure to state a claim for
>    which relief can be granted; . . .[22]

The complaint asks for no specific relief against trustee Compton. It only refers to Compton twice in the body of the complaint:

>    7. Notice of the appointment of Larry D. Compton as bankruptcy trustee in case 12-00501 was issued on August 20, 2012, and is named as co-defendant in this action. . . .

>    15. Debtor has repeatedly told her bankruptcy trustee, Larry Compton, that the judgments filed against Debtor are based on fraud. Debtor never contracted with the Wacker's for anything. Their business dealings were always only with Donald Tangwall.

The response filed by plaintiff makes no attempt to suggest what relief it seeks or asks leave to amend to state a plausible claim for relief.[23] Mr. Compton is subject to the same full faith and credit constraints as the plaintiff so he was bound by the judgment. The plaintiff debtor, herself, unsuccessfully challenged the Montana judgment in her claims objection, so its hard to conceive that the trustee somehow breached a duty.

   3. **CONCLUSION**- A separate order will be entered dismissing this adversary proceeding with prejudice.

   4. **APPENDIX [Excerpt from the OSC]**- *Order to Show Cause Why Complaint Should Not Be Dismissed; Memorandum* under the subtitle: *Claims Against the Wackers and Boot Print Ranch*. ECF No. 6, page 2-6.

### Claims Against the Wackers and Boot Print Ranch

The court may appropriately propose entry of summary judgment itself provided that it

---

[22] *Norse v. City of Santa* Cruz, 629 F.3d 966, 971 (9th Cir. 2010).

[23] ECF No. 9.

MEMORANDUM GRANTING COURT'S *SUA SPONTE* MOTION TO DISMISS [ECF No. 6]      Page 8 of 12

gives due process to the respondent.[24]

The basis of the complaint is that the judgment in favor of the Wackers and Boot Print Ranch in a Montana law suit should be disregarded:

> 19. The Montana default judgments were obtained by fraud and without a basis to obtain a monetary judgment against Debtor. The judgments were entered by default. They should be held void or voidable for several reasons:
>
> a. They lacked the proper findings of fact and law in the local court,
>
> b. The original complaint brought by Mr. Tangwall against the Wackers was dismissed, which should have prevented a 3rd party complaint against Debtor,
>
> c. Debtor did not receive notice of hearing after which default was entered,
>
> d. An appearance of impropriety permeated the proceedings and the judges should have recused themselves from further decisions,
>
> e. There is no basis in fact to hold debtor responsible for debts of another as alleged by the Wackers

Summary judgment should be granted dismissing this claim on claims preclusion grounds because:

> (a) regarding the preclusive effect of prior *federal court rulings*, the court has already ruled on several times on the issue when it denied plaintiff's objection to the Wackers' Proof of Claim No. 2[25] and Judge Spraker has separately ruled that the Montana judgment was valid[26]; and,

---

[24] *Norse v. City of Santa* Cruz, 629 F.3d 966, 971 (9th Cir. 2010).

[25] *Order Allowing Proof of Claim No. 2 as a Secured Claim.* ECF No. 61, entered September 16, 2013. The Wackers were allowed a secured claim of $116,291.55.

[26] *Memorandum on Motion to Avoid Lien.* ECF No. 39 in the main case, page 3, fn 7.

MEMORANDUM GRANTING COURT'S *SUA SPONTE* MOTION TO DISMISS [ECF No. 6]    Page 9 of 12

  (b)  regarding the preclusive effect of a prior *state court ruling*, the Montana judgment is entitled to full faith and credit.

Since the debtor has received her discharge,[27] this adversary is apparently to challenge the Montana judgment as a lien on Montana property; the court can think of no other reason for debtor filing this adversary proceeding.

Judge Spraker has previously denied debtor's motion to avoid the judgment lien on her purported homestead exemption on the Montana property, and in the process found that the judgment in question "is a final judgment on the merits."[28] And, the court has denied debtor's objection to the Wackers' proof of claim, overruling the argument that the Montana judgment on which the proof of claim was based was invalid. The present adversary is the third (or, umpteenth) attempt to challenge the Montana judgment.

"The res judicata doctrines regarding judgments of federal courts are a matter of federal common law."[29] "The Supreme Court treats the Restatement (Second) of Judgments ("Restatement") as an authoritative statement of federal res judicata doctrines and has applied the Restatement's substitution of the terms claim 'preclusion' and 'issue preclusion' for 'res judicata' and 'collateral estoppel.'"[30] With respect to "claims preclusion," the Restatement principles can be summarized as follows[31]:

  (a)-  A valid final personal judgment is conclusive between the parties. It is conclusive in a subsequent action between them

---

[27] ECF No. 53 in the main case, entered on January 18, 2013.

[28] *Memorandum on Motion to Avoid Lien.* ECF No. 39 in the main case, page 3, fn 7.

[29] *George v. City of Morro Bay*, 318 B.R. 729, 733 (9th Cir. BAP 2004) (citing, *Western Systems., Inc. v. Ulloa*, 958 F.2d 864, 871 (9th Cir.1992); *Robi v. Five Platters*, Inc., 838 F.2d 318, 322 (9th Cir. 1988).

[30] *George v. City of Morro Bay*, 318 B.R. at 733.

[31] *Restatement (Second) of Judgments,* §§ 17-20; *George v. City of Morro Bay*, 318 B.R. at 733-36.

MEMORANDUM GRANTING COURT'S *SUA SPONTE* MOTION TO DISMISS [ECF No. 6]                        Page 10 of 12

    on the same or a different claim with respect to any issue actually litigated and determined, if the determination is essential to the judgment. § 17;

 (b)- A valid and final personal judgment for a defendant [the Wackers] bars another action by plaintiff [Ms. Bertran] on the same claim. § 19; and

 (c)- There are certain exceptions to these rules, but they are not applicable to the present matter. § 20.

So, the present adversary claims against the Wackers and Boot Print Ranch are barred by federal claims preclusion rules.[32]

In addition, the Montana judgment itself is entitled to full faith and credit.[33] The court must apply Montana law to determine if full faith and credit should be given to the Montana judgment that Ms. Bertran seeks to avoid.[34] A bankruptcy judge describes the test as follows:

> The Montana Supreme Court set out a four part test that must be met for res judicata or claim preclusion to apply in *In the Matter of B.P. and A.P.*, 2001 MT 219, ¶ 14, 306 Mont. 430, 433, 35 P.3d 291, 294: "[T]he parties or their privies are the same; the subject matter of the claim is the same; the issues are the same and relate to the same subject matter, and the capacities of the persons are the same in reference to the subject matter and the issues."[35]

Ms. Bertran does not claim that the Montana court did not have *in personam* jurisdiction over her. And, she as much as admits that the subject matter of the Montana judgment is the same as what she seeks to avoid in the present adversary. Her real complaint is that the Montana court made a lot of mistakes and got it wrong (alleging bias by the

---

[32] *In re Dumontier*, 389 B.R. 890, 899 (Bankr. Mont. 2008).

[33] 28 U.S.C. § 1738.

[34] *Gonzales v. California Department of Corrections*, 739 F.3d 1226, 1230 (9th Cir. 2014).

[35] *In re Cini*, 492 B.R. 291, 309 (Bankr. D. Mont. 2013).

Montana judges, among other things[36]).  These issues should have been or must be addressed in the Montana court and not collaterally in this adversary proceeding.

DATED: October 20, 2014

        /s/ Herb Ross
        HERB ROSS
    U.S. Bankruptcy Judge

Serve :
Jason Crawford, Esq., for π
Erik LeRoy, Esq., for Δs Wacker and Boot Print Ranch
Larry D. Compton, Δ trustee
Cheryl Rapp, Adv. Proc. Mgr.

---

[36] *See*, ¶¶ 8-18 of the Complaint.  ECF No. 1.

MEMORANDUM GRANTING COURT'S *SUA SPONTE* MOTION TO DISMISS [ECF No. 6]     Page 12 of 12